Sally Ann GAITHER, Appellant,

v.

Priscilla Lee DAVIS, Appellee.

No. 18162.

Court of Civil Appeals of Texas,
Fort Worth.

June 7, 1979.

Rehearing Denied June 28, 1979.

Robert A. Sewell, Fort Worth, for appellant.

Denbow & Wells and H. G. Wells, Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment providing that appellant Sally Gaither take nothing. Ms. Gaither sued appellee Priscilla Davis for slander. The allegedly slanderous remarks were made by Ms. Davis from the witness stand while she was testifying in a criminal trial. The questions presented are whether the communication in question was absolutely privileged and whether Ms. Gaither has a cause of action for the alleged slander and for the violation of her privacy.

We affirm.

While giving testimony in a criminal proceeding, Ms. Davis made the following statement:

"Well, Sally Gaither is a thief".

Ms. Gaither was not a party or otherwise involved in the proceeding in which the above testimony was given. Ms. Gaither's petition alleged slander and invasion of her right to privacy. The trial court rendered a summary judgment that she take nothing. The basis of the trial court's judgment was that the communication in this case was absolutely privileged. Ms. Gaither claims that because the slanderous testimony was not relevant or material to the issue of guilt being tried, it was not privileged. We do not agree.

It is well settled that communication in the course of a judicial proceeding is absolutely privileged whether relevant or not. *Runge v. Franklin,* 72 Tex. 585, 10 S.W. 721 (1889), and *Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2d 909 (1942). We conclude that the rule of absolute privilege for communication in judicial proceedings is especially viable where, as here, the communication is the testimony of a lay witness. Relevancy and materiality are legal concepts unknown and unappreciated by the average layman. The need for complete and candid testimony is obvious,

especially in a criminal proceeding. We foresee that a privilege less than absolute could greatly inhibit the full testimony needed in a search for the truth.

Ms. Gaither also complains that Ms. Davis violated her right to privacy. We conclude that the considerations applicable to the alleged slander apply with equal force to the allegation of violation of her right of privacy. Therefore, we hold that the absolute privilege extends in this case to the alleged invasion of privacy.

Both of Ms. Gaither's points of error have been severally considered. Each is overruled.

The judgment of the trial court is affirmed.