In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00210-CV**
_____

**SHERYL JOHNSON-TODD, Appellant**

**V.**

**JOHN S. MORGAN, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 126,841**

**OPINION**

When an individual attempts to manipulate the legal system to intimidate and silence others who have used the system to vindicate their rights, the act threatens a core value of democracy—the right to petition the government to address a grievance. Laura Lee Prather and Justice Jane Bland, *Bullies Beware: Safeguarding Constitutional Rights Through Anti-SLAPP in Texas*, 47 Tex. Tech L. Rev. 725, 727 (2015). In this case, John S. Morgan, an attorney, sued Sheryl

1

Johnson-Todd, his ex-wife's attorney, for damages and injunctive relief after Johnson-Todd disclosed that the State had charged Morgan with making a false report to a police officer in a case involving Morgan, his ex-wife, and their children. Arguing that she should not be subjected to a suit for providing a court with information about Morgan in a dispute in which she was acting as an attorney for a party, Johnson-Todd asked the trial court to dismiss Morgan's suit. Johnson-Todd's motion to dismiss was based on the provisions of the Texas Citizen's Participation Act (TCPA), a statute the Legislature enacted in 2011 to protect the rights of citizens to speak freely and participate in government to the maximum extent permitted by law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (purpose of the Act) (West 2015), § 27.005(b) (requiring a trial court to dismiss a legal action against a party if the movant shows that the action is based on, relates to, or is in response to the party's exercise of the right to free speech, the right to petition, or the right of association) (West 2015).

Because the disclosures at issue were shown to relate to statements that occurred in court, we conclude that section 27.005 of the TCPA required the trial court to dismiss all of the claims that Morgan brought against Johnson-Todd. We order Morgan's suit dismissed, and we remand the case to the trial court to assess

the damages and costs that are allowed to the party that succeeds on a motion to dismiss under the TCPA. *See id.* § 27.009 (West 2015).

Background

Morgan and his ex-wife divorced in 2008. *See In the Interest of A.K.M.*, No. 09-12-00464-CV, 2014 Tex. App. LEXIS 2230, at \*1 (Tex. App.—Beaumont Feb. 27, 2014, pet. denied) (mem. op.). After their divorce, Morgan and his ex-wife continued to litigate various matters relating to the conservatorship of their three children. *See In re K.W.M.*, No. 09-14-00438-CV, 2014 Tex. App. LEXIS 11186, at \*1 (Tex. App.—Beaumont Oct. 9, 2014, no pet.) (mem. op.); *In the Interest of C.K.M.*, No. 09-14-00172-CV, 2014 Tex. App. LEXIS 10037, at \*1 (Tex. App.—Beaumont Sept. 4, 2014, no pet.) (mem. op.); *In re Morgan*, No. 09-12-00439-CV, 2012 Tex. App. LEXIS 8156, at \*1 (Tex. App.—Beaumont Sept. 21, 2012, orig. proceeding) (mem. op.); *In re T.M.F.*, No. 09-10-00019-CV, 2010 Tex. App. LEXIS 1900, at \*1 (Tex. App.—Beaumont Mar. 18, 2010, orig. proceeding). Johnson-Todd represented Morgan's ex-wife in those proceedings.

The matter that is the subject of this appeal arises from a suit Morgan filed against Johnson-Todd in December 2014. In this suit, which was filed in the County Court at Law Number One, Morgan complains that Johnson-Todd was liable to him for violating court orders issued by the County Court at Law Number

Three that restricted the disclosure of all information concerning the criminal case that had been filed against him in the County Court at Law Number Three. In the suit that Morgan filed against Johnson-Todd in the County Court at Law Number One, Morgan initially obtained a temporary injunction against Johnson-Todd to prevent her further disclosure of any information that related to the criminal case against him that had been resolved in the County Court at Law Number Three. In his suit, Morgan also claimed that Johnson-Todd had violated a nondisclosure order issued by the County Court at Law Number Three by publishing a timeline containing information about his criminal case during a hearing before a family-law court that involved Morgan, his ex-wife, and their children. In his petition, Morgan asserted that Johnson-Todd published information during the hearing in his family-law case in violation of the County Court at Law Number Three's order of nondisclosure. Morgan contends that Johnson-Todd's publication in a family-law court of information about his criminal case was designed to falsely impress the judge in the family-law case that he was guilty of making a false report to a police officer when the charge in his criminal case was resolved in his favor after he successfully completed all of the requirements of the County Court at Law Number Three's community-supervision order.

There were two orders of nondisclosure issued by the County Court at Law Number Three that are pertinent to the claims Morgan asserts against Johnson-Todd in this case. The first, an August 2014 order of nondisclosure, orders that "criminal justice agencies" not "disclose to the public any criminal history record information regarding John S. Morgan related to the offense of false report to a peace officer under Tex. Penal Code Section 37.08, for which John S. Morgan was placed on deferred adjudication community supervision[.]" The order further reflects that Morgan successfully completed the terms required by the County Court at Law Number Three's community-supervision order, and it reflects that Morgan completed his community-supervision obligations and the charge against him was dismissed. Although the August 2014 order does not identify Johnson-Todd, Morgan claims that the order prohibited Johnson-Todd from disclosing information about his criminal case during the September 2014 hearing that occurred in his family-law case, which concerned his custodial rights to his children.

The second order of nondisclosure pertinent to Morgan's claims in this case was issued by the County Court at Law Number Three after Johnson-Todd disclosed the information during the September 2014 hearing that occurred in the family-law court. The supplemental order of nondisclosure, which the County

5

Court at Law Number Three issued in December 2014, broadened the restrictions in the August 2014 order by identifying Johnson-Todd, among others, as a person who could not disclose information about Morgan's criminal case. Under the supplemental order, Johnson-Todd was prohibited from "filing, publishing or distributing any documents, court papers or pleadings regarding [the criminal case] or any information pertaining to [the criminal case[.]"[1]

In December 2014, in connection with his claims against Johnson-Todd in the case now on appeal, the County Court at Law Number One issued a temporary injunction order prohibiting Johnson-Todd from filing, publishing, or distributing any documents, court papers, or pleadings from Morgan's criminal case. *See Johnson-Todd v. Morgan*, No. 09-15-00073-CV, 2015 Tex. App. LEXIS 4904, **1-2 (Tex. App.—Beaumont May 14, 2015, pet. denied). Johnson-Todd challenged the validity of the temporary injunction order, and in connection with

---

[1] The supplemental order requires that Johnson-Todd (and a number of other individuals) file court papers referencing Morgan's criminal case, if needed in pending cases, under seal. There is an additional order in the record before us declaring that the supplemental order is void. The order declaring the supplemental order to be void was signed by a visiting judge that was sitting by assignment on the County Court at Law Number Three. The visiting judge issued his order in March 2015, and the parties have not claimed that the visiting judge's March 2015 order was ever rescinded. Nonetheless, we need not decide whether any of the orders issued by the County Court at Law Number Three in Morgan's criminal case were valid to decide whether Morgan's claims were subject to being dismissed under the TCPA.

her appeal of that order, we held that the temporary injunction order was void. *Id.* at *8. Shortly after Johnson-Todd appealed and challenged the validity of the temporary injunction order, Morgan amended the pleadings in the case now before us. In the second amended petition, the pleading that forms the basis of Morgan's claims for the purpose of this appeal, Morgan sued Johnson-Todd for (1) invading his privacy, (2) defaming him, (3) compelling Morgan to defame himself, (4) "negligence per se and gross negligence per se," (5) "public disclosure of private facts[,]" and (6) for abusing the court's process. Additionally, Morgan's second amended petition includes claims for declaratory and injunctive relief.

In response to these claims, Johnson-Todd filed a motion to dismiss. Her motion to dismiss argues that the trial court was required to dismiss all of Morgan's claims based on the provisions of Chapter 27 of the Texas Civil Practice and Remedies Code, the TCPA. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 27.001-.011 (West 2015). In April 2015, the trial court conducted an evidentiary hearing on Johnson-Todd's motion. When the hearing concluded, the trial court announced that it was taking the matter under advisement; however, the court has never issued a ruling on Johnson-Todd's motion. Nonetheless, when a court conducts a hearing on a motion filed under the TCPA but does not rule within thirty days of the hearing, one of the provisions in the TCPA deems the motion to have been

7

overruled by operation of law. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a), 27.008(a) (West 2015). After the motion to dismiss Morgan's suit was overruled by operation of law, Johnson-Todd filed this interlocutory appeal.[2]

Standard of Review

Johnson-Todd's appeal challenges the trial court's denial of her request to dismiss all of Morgan's claims. We review a ruling on a motion to dismiss that is based on the TCPA as a motion presenting the trial court with legal questions; as such, the trial court's ruling is reviewed under a de novo standard. *Shipp v. Malouf*, 439 S.W.3d 432, 437 (Tex. App.—Dallas 2014, pet. denied); *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In reviewing the trial court's ruling—in this case a deemed ruling based on the trial court's failure to rule within thirty days of the hearing—we consider the pleadings and the evidence the trial court considered at the time the ruling occurred. Tex. Civ. Prac. & Rem. Code Ann. § 27.006 (West 2015); *see In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015).

---

[2] Interlocutory appeals from rulings on a motion to dismiss under the TCPA are authorized by section 27.008 of the TCPA. Tex. Civ. Prac. & Rem. Code Ann. § 27.008 (West 2015).

Analysis

The TCPA creates broad safeguards to protect individuals in the litigation process from retaliation for having aired the facts about their grievances in court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003 (West 2015). According to the Legislature, the TCPA's purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" while serving to "protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *see also In re Lipsky*, 460 S.W.3d at 586 (explaining that the TCPA "protects citizens from retaliatory lawsuits"). In this case, Johnson-Todd sought a remedy provided under the TCPA by filing a motion that invoked the protections of a citizen's right to petition a court under the provisions of the TCPA.

The evidence before the trial court when it ruled on Johnson-Todd's motion demonstrates that the information forming the basis of Morgan's complaints was published either during court proceedings where Johnson-Todd was acting as a lawyer for a client, or during court proceedings in which she was exercising her rights as a defendant to petition a court for a remedy. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). The TCPA broadly defines the "'[e]xercise of the right to

petition'" as, among other things, a communication in or pertaining to "(i) a judicial proceeding[.]" *Id.* § 27.001(4)(A)(i) (West 2015). A "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1) (West 2015).

Once Johnson-Todd established that all of Morgan's claims were based on information that she published in court proceedings, Morgan was then required to establish, by clear and specific evidence, a "prima facie case for each essential element" of his various claims. *Id.* § 27.005(c) (West 2015); s*ee also In re Lipsky*, 460 S.W.3d at 586-87. Even if Morgan met that burden, an issue we need not decide,[3] the TCPA still requires a claim to be dismissed when the movant

---

[3] In this case, we have assumed without deciding that Morgan presented a prima facie case regarding all of the elements of his claims. Nonetheless, we note our skepticism regarding the validity of Morgan's underlying complaint that Johnson-Todd violated an order restricting the disclosure of information about his criminal case. The record shows that Johnson-Todd was not named in the August 2014 nondisclosure order that Morgan asserts she violated during the September 2014 hearing. Although the County Court at Law Number Three issued a supplemental order, and the supplemental order identifies Johnson-Todd as a person who could not disclose information about his criminal case, the order was not retroactive. Additionally, there are serious questions about the validity of the supplemental order, and a visiting judge assigned to the County Court at Law Number Three subsequently set the supplemental order aside. Finally, we note that one of Morgan's claims, defamation as a result of self-publication, has not been recognized as a valid cause of action by the Texas Supreme Court or by this Court. *Cf. Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 499 (Tex. App.—Dallas 2003, no

establishes that she has a valid defense to the non-movant's claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d) (West 2015).

In this case, Johnson-Todd's evidence established that the absolute judicial communications privilege provided her a valid defense with respect to all of Morgan's claims. *See James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982). Under the judicial communications privilege, statements made in the due course of judicial proceedings cannot serve as the basis of civil actions for libel or slander, regardless of the negligence or malice with which the statements may have been made. *Id*. This privilege extends to statements made by the judges, jurors, counsel, parties, or witnesses, and the privilege attaches to all aspects of the proceedings, including statements that are made in open court, pretrial hearings, depositions, affidavits, and any of the pleadings or other papers filed in a case. *Id.* at 916-17.

The judicial communications privilege applies to the all of the torts that Morgan alleged Johnson-Todd had committed based on the allegations found in Morgan's live pleading. *See Wilkinson v. USAA Fed. Sav. Bank Trust Servs.*, No. 14-13-00111-CV, 2014 Tex. App. LEXIS 7091, at **21-22 & n.10 (Tex. App.— Houston [14th Dist.] July 1, 2014, pet. denied) (quoting *Hernandez v. Hayes*, 931 S.W.2d 648, 654 (Tex. App.—San Antonio 1996, writ denied) ("The United States

pet.) (noting that some intermediate courts of appeals have adopted such a cause of action, but stating that the Texas Supreme Court had not yet done so).

11

Supreme Court and the Texas Supreme Court have firmly held that a privilege in a defamation cause of action also extends to all other torts plead by the plaintiff.")); *see also Rose v. First Am. Title Ins. Co. of Tex.*, 907 S.W.2d 639, 643 (Tex. App.—Corpus Christi 1995, no writ) (holding that absolute privilege for communications made in judicial proceedings bars intentional infliction of emotional distress claims); *Gaither v. Davis*, 582 S.W.2d 913, 913-14 (Tex. Civ. App.—Fort Worth 1979, writ dism'd) (applying privilege to invasion of privacy, public disclosure of private facts causes of action). As all of the disclosures that form the basis of Morgan's suit occurred during proceedings that occurred in courts, we conclude that all of Morgan's claims are subject to the judicial communications privilege. Accordingly, we hold the trial court erred by denying Johnson-Todd's motion to dismiss all of Morgan's tort claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

Morgan also sued for equitable relief, and Johnson-Todd asked that the trial court dismiss these claims as well. The TCPA applies where the "legal action" that a party files "based on, relates to, or is in response to a party's exercise of the . . . right to petition." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) (West 2015). The term "legal action" is broadly defined to include lawsuits that request either "legal or equitable relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6) (West 2015).

12

Moreover, the judicial communications privilege that Johnson-Todd raised in her motion to dismiss applies to both legal and equitable claims. *See Blackwell v. Davis*, 874 S.W.2d 950, 952 (Tex. App.—Beaumont 1994, no pet.) (upholding a trial court's ruling granting a motion for summary judgment on legal and equitable claims based on the trial court's application of the judicial communications privilege). To the extent that Morgan sought equitable relief, his claims qualify as "legal actions" that are also related to Johnson-Todd's right to petition. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), 27.005(b). We hold that the trial court also erred by failing to grant Johnson-Todd's motion to dismiss Morgan's claims for equitable and injunctive relief.

Morgan raises several arguments suggesting that the TCPA should not be applied to his claims. While Morgan acknowledges that the protections provided by the TCPA extend to his ex-wife, he suggests that the Legislature did not intend to extend the protection it provided for the right to petition to a party's attorney. In other words, Morgan argues that the Legislature intended to limit the protection against retaliation suits solely to those who were parties to an underlying suit.

We disagree. Section 27.003 of the TCPA—allowing a "party" to file a motion to dismiss—does not indicate that the Legislature intended the remedy of dismissal to be limited to those who were "parties" in some other suit. *See id.* §

13

27.003. In our opinion, the reference to "party" in section 27.003 refers to anyone the plaintiff has made a party in the retaliation suit. We do not believe the Legislature used the term "party" in section 27.003 to restrict the protection provided by the TCPA solely to those who were named as parties in a prior suit that gave rise to the retaliation suit. *See id.* Instead, the use of the term "party," as it is used in section 27.003, appears intended to relate to a person who is a "party" in the retaliation suit. As the stated purpose of the TCPA is to safeguard the rights of "persons to petition," we do not agree with Morgan's narrow construction of the statute with respect to its intended beneficiaries.

Instead, the TCPA appears to be intended to protect the rights of all persons to petition, and in that context we believe it was certainly intended to protect those persons employed in an agency relationship with parties involved in litigation from becoming the objects of retaliation for providing the courts with information relevant to a pending suit. The attorney-client relationship is an agency relationship, and an attorney's actions within the scope of the agency relationship are fully attributable to the client. *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986). We conclude that the remedies provided by the TCPA extend to attorneys who are acting as agents for their clients when they communicate information about others during the course of judicial proceedings. *See* Tex. Civ.

14

Prac. & Rem. Code Ann. § 27.001(4)(A)(i) (broadly defining the exercise of the right to petition to include "a communication in or pertaining to [] a judicial proceeding").

We also note Morgan complains about the fact that information about his criminal case was made available on the internet. However, he did not allege that Johnson-Todd was the person responsible for publishing any defamatory information about him outside the courtroom. For instance, Morgan did not plead that Johnson-Todd acted as the principal, agent, servant, or employee of the various people identified in his pleadings as the people responsible for publishing false information about him on the internet. Instead, the affidavits and pleadings before the trial court established that Johnson-Todd's actions in the family-law hearing and in this case were all based on, related to, or were in response to Johnson-Todd or Johnson-Todd's client's exercise of the right to petition. *See id.* § 27.005(b)(2) (West 2015); *see also In re Lipsky*, 460 S.W.3d at 586.

We hold that Johnson-Todd established that all of Morgan's claims were required to be dismissed under the provisions of section 27.005 of the TCPA. We reverse the trial court's ruling, and we remand the case to the trial court with instructions to enter a judgment dismissing all of Morgan's claims and to award

Johnson-Todd her damages and costs, as provided by section 27.009 of the TCPA.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on July 23, 2015
Opinion Delivered October 29, 2015
Before McKeithen, C.J., Kreger and Horton, JJ.