In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00168-CV**
**NO. 09-17-00194-CV**

_____

**SHERYL JOHNSON-TODD, Appellant**

**V.**

**JOHN S. MORGAN, Appellee**

**and**

**JOHN S. MORGAN, Appellant**

**V.**

**SHERYL JOHNSON-TODD, Appellee**

_____

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 126841**

_____

**MEMORANDUM OPINION**

This opinion addresses two appeals in trial cause number 126841, which this

Court has consolidated for purposes of appeal. In appellate cause number 09-17-

00168-CV, Sheryl Johnson-Todd filed an accelerated appeal, challenging the trial court's order denying her motion to dismiss John S. Morgan's 2017 motions for sanctions under the Texas Citizens Participation Act ("TCPA"). In appellate cause number 09-17-00194-CV, Morgan appeals the trial court's final judgment awarding Johnson-Todd attorney's fees and sanctions under the TCPA for a 2014 suit Morgan filed against Johnson-Todd. We overrule all the parties' issues except for the trial court's ruling denying Johnson-Todd's request for an award of attorney's fees, expenses, and court costs for this appeal.

## Procedural Background

In December 2014, Morgan filed suit against Johnson-Todd, his ex-wife's divorce attorney, for damages and injunctive relief, alleging that Johnson-Todd violated court orders by disclosing and publishing restricted information that Morgan asserted was subject to an order of non-disclosure. *See Johnson-Todd v. Morgan*, 480 S.W.3d 605, 606-08 (Tex. App.—Beaumont 2015, pet. denied). Johnson-Todd filed a motion to dismiss Morgan's suit under the TCPA, arguing that she should not be subjected to suit for providing a court with information about Morgan in a case in which she was acting as an attorney for a party. *See id.* at 606, 608; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) (West 2015) (providing that a party may file a motion to dismiss a legal action if the legal action is based on,

2

relates to, or is in response to the party's exercise of the right to petition). After Johnson-Todd's motion to dismiss was overruled by operation of law, Johnson-Todd filed an interlocutory appeal. *See Johnson-Todd*, 480 S.W.3d at 609.

On appeal, this Court concluded that the trial court was required to dismiss Morgan's suit against Johnson-Todd because the complained-of disclosures that Johnson-Todd made in the family-law proceeding were based on, related to, or were in response to Johnson-Todd's or her client's exercise of the right to petition. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b) (West 2015). Accordingly, we reversed the trial court's ruling and remanded the case to the trial court with instructions to enter a judgment dismissing Morgan's 2014 claims and to award Johnson-Todd damages and costs as provided by the TCPA. *See Johnson-Todd*, 480 S.W.3d at 612; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.009 (West 2015). The mandate issued by this Court provides, in pertinent part, that the "cause is remanded to the trial court for further proceedings consistent with this Court's opinion[,]" and that all costs of the appeal are assessed against Morgan.

The record shows that after we remanded the case, Johnson-Todd filed an amended motion to award mandatory attorney's fees and sanctions under the TCPA. Before the trial court rendered a final judgment awarding Johnson-Todd damages and costs, Johnson-Todd filed a second amended motion to declare Morgan a

3

vexatious litigant and require Morgan to furnish security. Additionally, in 2017, Morgan filed two motions seeking sanctions against Johnson-Todd and her counsel, Jeffrey Dorrell, under Rule 13 of the Texas Rules of Civil Procedure, section 10.001 of the Texas Civil Practice and Remedies Code, and the trial court's inherent authority. In his first motion, Morgan argued that the trial court should sanction Johnson-Todd for filing motions to declare Morgan a vexatious litigant. According to Morgan, Johnson-Todd's motions to declare him vexatious are groundless in law and fact, filed for the purpose of harassment, and grossly misrepresented the law and facts to the court. In his second motion for sanctions, Morgan contends that Johnson-Todd should be sanctioned for filing motions for protection that allegedly contained false statements. In both of his motions for sanctions, Morgan acknowledged that he has the burden of proving that Johnson-Todd's motions were groundless and filed in bad faith or for the purposes of harassment.

Johnson-Todd filed a motion to dismiss Morgan's motions for sanctions under the TCPA, arguing that Morgan's motions are "legal actions" that relate to Johnson-Todd's exercise of the right to petition and that Morgan cannot show "clear and specific evidence" of each element of his claims. In his response to Johnson-Todd's motion to dismiss, Morgan argued that his motions for sanctions do not qualify as "legal actions" subject to dismissal under the TCPA because the motions are not

4

new, independent, affirmative claims for relief or for monetary damages. According to Morgan, his motions for sanctions are derivative claims based on pleadings that were previously filed, and the TCPA does not provide for interlocutory appeals every time a party files a motion for sanctions. Morgan also filed a motion to dismiss Johnson-Todd's motion for sanctions under the TCPA, arguing, among other things, that because Johnson-Todd has argued that motions for sanctions violate the TCPA, Johnson-Todd is estopped from arguing that her motion for sanctions does not violate the TCPA.

The trial court denied Johnson-Todd's motion to dismiss Morgan's motions for sanctions under the TCPA, and Johnson-Todd filed a second interlocutory appeal in this case. The trial court also denied Morgan's motions for sanctions and motion to dismiss under the TCPA. Upon remand, the trial court entered a final judgment. Among other things, the judgment dismisses Morgan's claims against Johnson-Todd and orders Morgan to pay Johnson-Todd the following amounts: $40,000 in total reasonable attorney's fees, litigation expenses, and court costs for the trial and two appeals that occurred before the trial court rendered the final judgment; and $25,000 in sanctions sufficient to deter Morgan from filing similar actions in the future. Morgan appealed the trial court's judgment awarding Johnson-Todd attorney's fees and sanctions, and Johnson-Todd filed a cross-appeal.

5

Johnson-Todd's Appeal

In two issues on appeal, Johnson-Todd challenges the trial court's denial of her motion to dismiss Morgan's post-remand motions for sanctions under the TCPA. When an appellate court remands a case and limits the remand to a particular issue, the trial court may only determine that particular issue. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Thus, instructions given to a trial court in a former appeal will be adhered to and enforced in a subsequent appeal. *Id.* When interpreting the mandate of an appellate court, courts should look not only to the language in the mandate, but also to the court's opinion. *Id.*

In *Johnson-Todd*, this Court instructed the trial court to dismiss Morgan's 2014 claims and to award Johnson-Todd damages and costs, and our mandate instructed the trial court to conduct further proceedings consistent with this Court's opinion. *See Johnson-Todd*, 480 S.W.3d at 612. Our instructions in the prior appeal did not allow the trial court to consider Johnson-Todd's post-remand motion to dismiss Morgan's 2017 motions for sanctions under the TCPA. *See Hudson*, 711 S.W.2d at 630; *Johnson-Todd*, 480 S.W.3d at 612. We conclude that the trial court had no authority to consider Johnson-Todd's post-remand motion to dismiss. *See Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013). Although the trial court

6

exceeded its authority and acted beyond the scope of our remand by considering Johnson-Todd's motion, the error is harmless because the trial court denied Johnson-Todd's motion to dismiss. *See id.* We overrule issues one and two and affirm the trial court's order denying Johnson-Todd's motion to dismiss.

Morgan's Appeal

Morgan appeals the trial court's judgment awarding Johnson-Todd attorney's fees and sanctions. In six appellate issues, Morgan argues that: (1) the trial court abused its discretion by awarding $40,000 in TCPA attorney's fees; (2) the trial court erred by refusing to exclude Johnson-Todd's attorney's fees evidence under Texas Rules of Civil Procedure 193.6 and 215; (3) the trial court abused its discretion by awarding $25,000 in sanctions; (4) Johnson-Todd is not entitled to recover appellate attorney's fees; (5) the administrative judge erred in denying Morgan's verified motion to recuse; and (6) the trial court erred by permitting Johnson-Todd's attorney to provide evidence on TCPA attorney's fees and sanctions because Morgan did not have sufficient notice.

In his first issue, Morgan argues that the trial court abused its discretion by awarding $40,000 in attorney's fees because there is either no evidence or insufficient evidence to support the trial court's award. In two cross-issues, Johnson-Todd contends that the trial court abused its discretion by awarding $40,000 in

attorney's fees, because she presented extensive evidence showing that her reasonable attorney's fees in defending Morgan's suit totaled $191,865 as of March 15, 2017. Johnson-Todd submitted forty-one pages of billing records and an affidavit from Dorrell, in which Dorrell addressed the relevant factors under the lodestar method for determining a reasonable attorney's fee and offered an opinion regarding the amount of reasonable attorney's fees Johnson-Todd had incurred. Morgan filed a controverting affidavit, in which he averred that Johnson-Todd sought an unreasonable amount of attorney's fees that included an unreasonable billing rate, unnecessary and repeated work, work unrelated to the TCPA, excessive briefing, unreasonable charges for a legal assistant, and continual review of the file.

We review a trial court's award of attorney's fees under the TCPA for an abuse of discretion. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). If the trial court dismisses a legal action under the TCPA, the trial court must award "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require[.]" Tex. Civ. Prac. & Rem. Code Ann. 27.009(a)(1); *Sullivan*, 488 S.W.3d at 299. "A reasonable [attorney's] fee is one that is not excessive or extreme, but rather moderate or fair." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010).

8

The record shows that the parties applied the lodestar method and the *Arthur Andersen* factors to the attorney's fee evaluation. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Although the award of attorney's fees generally rests in the sound discretion of the trial court, a party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours. *El Apple I*, 370 S.W.3d at 761. Under the lodestar method, the trial court: (1) determines the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work and multiplies the reasonable number of hours by the applicable rate to produce the base fee or lodestar; and (2) adjusts the base lodestar up or down by applying a multiplier, if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *Id.* at 760. "Charges for duplicative, excessive, or inadequately documented work should be excluded." *Id.* at 762. The nonexclusive factors considered in determining the reasonableness of an attorney's fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the

9

results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained or the uncertainty of collection before the legal services have been rendered. *Arthur Andersen*, 945 S.W.2d at 818. "We generally accord considerable deference to a trial court's findings regarding whether prevailing counsel's claimed hours are excessive, redundant, or unreasonable." *El Apple I*, 370 S.W.3d at 763-64.

The award of attorney's fees under the TCPA rests within the trial court's discretion. *Sullivan*, 488 S.W.3d at 299. In reviewing the trial court's ruling for an abuse of that discretion, we determine whether the trial court acted arbitrarily and unreasonably, without reference to any guiding principles. *McGibney v. Rauhauser*, 549 S.W.3d 816, 820 (Tex. App.—Fort Worth 2018, pet. denied). "In the proper exercise of its discretion, a trial judge is obliged to do more than simply act as a rubber-stamp, accepting carte blanche the amount appearing on the bill." *Id.* at 821. The award must be based upon supporting evidence. *Id.* Because Morgan filed a controverting affidavit, Johnson-Todd had the burden of proving the reasonableness of the amount of attorney's fees in Dorrell's bill. *See id.* at 826.

Dorrell testified that as of March 15, 2017, Johnson-Todd had incurred $191,865 in attorney's fees and $3918.88 in expenses, and that all the attorney's fees had been incurred in prosecuting the TCPA motion to dismiss except for a few thousand dollars for preparing a motion for summary judgment and a few hundred dollars for drafting documents related to a counterclaim. Dorrell explained that the attorney's fees included two appeals to this Court as well as two petitions to the Texas Supreme Court. Dorrell submitted an affidavit for TCPA attorney's fees and attached billing records to support his claim for attorney's fees. Dorrell testified that he was asking for attorney's fees the substantive legal work performed on this case. Dorrell further testified about the *Arthur Andersen* factors and explained that in his opinion, Johnson-Todd's attorney's fees were reasonable. During a subsequent hearing, Dorrell offered an updated bill and testified that as of April 20, 2017, Johnson-Todd had incurred $229,067.88 in attorney's fees.

Morgan offered testimony summing up his controverting affidavit regarding TCPA attorney's fees. Morgan testified that Dorrell did not segregate the actual attorney's fees relating to the TCPA, billed for motions unrelated to the TCPA, and billed for filing amended motions to dismiss that Morgan alleged were unwarranted. According to Morgan, Dorrell's attorney's fees were not reasonable, necessary, or justified under the TCPA. Morgan cross-examined Dorrell about repeatedly

11

amending motions and about filing motions that were unrelated to the TCPA, but Dorrell maintained that his work fell within the purview of defending the lawsuit. The trial court awarded Johnson-Todd $40,000 in attorney's fees. The trial court did not make any detailed findings but found "[t]otal reasonable attorney's fees, litigation expenses, and court costs for the trial and first two appeals of $40,000[.]"

Our review of the record shows that Johnson-Todd's billing records from Dorrell included attorney's fees that are excessive or extreme, not moderate or fair. *See Sullivan*, 488 S.W.3d at 299. The billing records show that Dorrell not only billed for matters unrelated to the TCPA, but also billed a substantial number of hours to prepare amended documents, repeatedly review the file, research and prepare for the appeals, and prepare documents to litigate matters that were beyond the scope of our remand. The billing records show excessive hours devoted to filing the motion to award attorney's fees and sanctions and for preparing the affidavit on attorney's fees that Johnson-Todd incurred in the case.

When a statute authorizes fee-shifting, the party seeking to recover those fees bears the burden of establishing the reasonableness of the fee sought. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017). Before fees can be shifted from the incurring party to the opposing party, the calculation of a reasonable attorney's fee that is "not excessive or extreme, but rather moderate or fair" requires deep

12

scrutiny. *See Sullivan*, 488 S.W.3d at 299. Because the billing records reflect duplicative and excessive work, as well as work unrelated to the TCPA, it was reasonable for the trial court to eliminate those charges in determining a reasonable attorney's fee. *See El Apple I*, 370 S.W.3d at 762. It was also reasonable for the trial court to exclude attorney's fees for matters that were beyond the scope of our remand. *See Johnson-Todd*, 480 S.W.3d at 612.

Giving considerable deference to the trial court's determination regarding whether Dorrell's claimed hours for work performed in defending the lawsuit are excessive, redundant, or unreasonable, we conclude that the trial court did not abuse its discretion by awarding $40,000 in attorney's fees. *See El Apple I*, 370 S.W.3d at 762; *McGibney*, 549 S.W.3d at 824. Accordingly, we overrule Morgan's first issue. We also overrule Johnson-Todd's second cross-issue, as well as her argument in her first cross-issue complaining that the trial court abused its discretion by awarding only $40,000 in attorney's fees.

In issue two, Morgan complains that the trial court erred by refusing to exclude all Johnson-Todd's evidence regarding attorney's fees under Rules 193.6 and 215.2 of the Texas Rules of Civil Procedure. Morgan argues that the trial court should have excluded Johnson-Todd's evidence regarding attorney's fees because she abused the discovery process by ignoring deposition notices, requests for

13

production, and subpoenas duces tecum for the deposition notices. *See* Tex. R. Civ. P. 215.2(b). In his motion to strike Johnson-Todd's evidence regarding attorney's fees, Morgan maintains that Johnson-Todd's and Dorrell's refusal to properly appear for their depositions denied him the opportunity to "any discovery." Morgan also complains that Johnson-Todd refused to produce documents in response to his request for production and that such documents were essential for Morgan to controvert Johnson-Todd's claim for TCPA attorney's fees and sanctions. According to Morgan, because Johnson-Todd failed to timely respond to his discovery requests without showing good cause or unfair surprise or prejudice, the trial court should have excluded Johnson-Todd's evidence. *See* Tex. R. Civ. P. 193.6.

We review a trial court's decision denying discovery under the TCPA for an abuse of discretion. *Walker v. Shion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.). If the trial court abuses its discretion by denying discovery, the complaining party must show harm to obtain a reversal. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009); *see* Tex. R. App. P. 44.1(a). An error is harmful if it "probably caused the rendition of an improper judgment[]" or "probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1(a).

14

On the filing of a motion to dismiss under the TCPA, all discovery in the legal action is suspended until the trial court has ruled on the motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(c) (West 2015). However, on a motion by a party or on the court's own motion, and based on a showing of good cause, the trial court may allow specified and limited discovery relevant to a motion to dismiss under the TCPA. *Id.* § 27.006(b) (West 2015). On remand, Johnson-Todd propounded interrogatories and requests for production to Morgan to aid the trial court in determining the amount of sanctions, and Johnson-Todd maintained that this Court's ruling had lifted the automatic discovery stay under the TCPA. Morgan objected to Johnson-Todd's interrogatories and requests for production. Morgan then filed deposition notices, subpoenas duces tecum, and requests for production.

The record shows that when the parties filed their discovery requests in 2016, all discovery was suspended because the trial court had not yet ruled on Johnson-Todd's motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(c). The record does not show that either party filed a motion showing good cause for the trial court to allow "specified and limited discovery" relevant to the scope of our remand. *See id.* § 27.006(b). Nor does the record show that the trial court, on its own motion, allowed the parties to conduct specified and limited discovery regarding attorney's fees and sanctions, which would have been within the trial court's discretion. *See id.*

15

Although Morgan claimed that taking the noticed depositions was directly relevant to the amount of attorney's fees and sanctions that may be awarded, Morgan's notices contained an eleven item subpoena duces tecum that requested documents concerning matters that were beyond the scope of our remand. The record further shows that Morgan's requests for production also included documents that were beyond the scope of our remand.

Morgan filed a motion to compel depositions and all responsive documents pursuant to the subpoena duces tecum for each deposition, arguing that he was entitled to discovery on the issue of attorney's fees. Morgan complained that Johnson-Todd did not file motions to quash the depositions or objections to the subpoenas duces tecum or requests for production. In response to Morgan's discovery requests, Johnson-Todd filed a motion for protection. In her motion for protection, Johnson-Todd argued that Morgan had propounded discovery requests in violation of the trial court's stay and that Morgan had failed to request "specified and limited discovery" as provided by the TCPA. Morgan complained that Johnson-Todd's motion for protection was frivolous.

In January 2017, the trial court conducted a hearing and heard arguments concerning Johnson-Todd's motion to award attorney's fees and sanctions as instructed by this Court's remand, as well as arguments regarding Morgan's motion

16

to exclude Johnson-Todd's evidence because of discovery abuse. During the hearing, Johnson-Todd argued that the TCPA suspends all discovery until the trial court dismisses all claims under the TCPA. Morgan argued that his claims had already been dismissed. According to Morgan, when this Court's opinion dismissed his claims and lifted the discovery stay, he sent deposition notices and subpoenas duces tecum to Johnson-Todd and Dorrell, and because Johnson-Todd and Dorrell failed to file any objections or motions to quash, Johnson-Todd's evidence regarding attorney's fees should be excluded. After hearing arguments, the trial court granted Johnson-Todd's motion to dismiss and awarded attorney's fees in the amount of $5000 and sanctions in the amount of $2500.

Approximately three months later, the trial court conducted a second hearing, during which the trial court discussed its decision to reconsider its prior award of attorney's fees and sanctions. Dorrell advised the trial court that because Morgan controverted Dorrell's affidavit, Dorrell was required to present evidence of Johnson-Todd's attorney's fees by expert testimony. Morgan objected to Dorrell offering expert testimony because Dorrell had ignored Morgan's discovery and prevented Morgan from taking depositions that related to the issue of attorney's fees. At that point, the trial court denied Morgan's second amended motion to strike Johnson-Todd's evidence on attorney's fees and Morgan's motion to compel

depositions. After Dorrell testified regarding attorney's fees and offered an updated statement of attorney's fees, Morgan objected to Dorrell offering new evidence of attorney's fees. The trial court overruled Morgan's objection, stating that it had given the parties notice that it would consider any motions and allow new evidence. During the trial court's third hearing on attorney's fees and sanctions, Morgan reiterated his objection that he had been denied the opportunity to conduct discovery.

Assuming without deciding that the trial court abused its discretion by denying Morgan's motion to compel and motion to strike all Johnson-Todd's evidence regarding attorney's fees, Morgan has failed to show harm. *See Castillo*, 279 S.W.3d at 667; *see also* Tex. R. App. P. 44.1(a). The record shows that Morgan had an opportunity to cross-examine Dorrell regarding Dorrell's affidavit for TCPA attorney's fees and whether individual entries in Dorrell's bill were incurred in filing the motion to dismiss under the TCPA. Morgan also filed a controverting affidavit regarding Johnson-Todd's request for attorney's fees and sanctions and offered testimony that $5000 was a reasonable attorney's fee award. The record further shows that although Johnson-Todd requested $229,000 in attorney's fees, the trial court only awarded $40,000 in attorney's fees, which included litigation expenses, court costs, and the first two appeals. We conclude that on this record, Morgan has failed to show that the trial court's rulings probably caused the rendition of an

18

improper judgment or probably prevented him from properly presenting the case on appeal. *See Castillo*, 279 S.W.3d at 667; *see also* Tex. R. App. P. 44.1(a). Accordingly, we overrule issue two.

In issue three, Morgan argues that the trial court abused its discretion by awarding $25,000 in sanctions, and Johnson-Todd argues in her third cross-issue that this award was not an abuse of discretion. Section 27.009 of the TCPA requires the trial court to award sanctions if it dismisses a claim pursuant to section 27.003, and the trial court has broad discretion in determining the amount of sanctions. Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(2); *see Sullivan*, 488 S.W.3d at 299. The amount of sanctions should be sufficient to deter the party who brought the legal action from bringing similar actions in the future. Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(2). Section 27.009 does not expressly require the trial court to explain how it reached its determination. *See id.*; *cf. id.* § 10.005 (West 2017).

During the hearing, Dorrell requested that the trial court award a sanction of $229,000 to deter Morgan from filing similar lawsuits in the future. Dorrell explained to the trial court that in determining the amount of TCPA sanctions, the trial court should consider Morgan's history of filing similar suits, the amount of attorney's fees incurred in the suit, and any aggravating misconduct. Dorrell represented to the trial court that while Morgan had not been previously sanctioned

19

under the TCPA, Morgan had a history of filing similar actions prior to the enactment of the TCPA. Dorrell stated that Johnson-Todd had incurred $229,000 in attorney's fees defending against Morgan's 2014 suit, which this Court concluded was required to be dismissed. Dorrell argued that the trial court should consider Morgan's history of harassing Johnson-Todd and Dorrell, which is a pattern of behavior that Dorrell has experienced in other cases with Morgan. Dorrell explained that he was asking for a sanction of $229,000, an amount equal to the requested attorney's fees.

During the hearing, Morgan disputed Dorrell's contention that Morgan had a history of filing similar actions that showed aggravating misconduct. Morgan argued that the cases that Dorrell cited were filed before the TCPA was enacted, some of the cases were resolved by agreement, and he had not been previously sanctioned. Morgan explained to the trial court that he filed the 2014 suit against Johnson-Todd so that his information would remain sealed. According to Morgan, a TCPA sanction is not a punishment but a deterrent, and Morgan claimed that he was deterred and did not want to be in this situation again. According to Morgan, a sanction of $1000 would sufficiently discourage him from filing similar suits in the future. The record shows that after the trial court heard arguments regarding Morgan's history of filing similar actions, the trial court awarded a $25,000 sanction, finding that amount sufficient to deter Morgan from filing similar actions.

20

It was within the trial court's discretion to weigh the evidence and determine how large the sanction needed to be to accomplish its statutory purpose. *See Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 881 (Tex. App.—Dallas 2014, no pet.). Given the history of the litigation, the trial court could have reasonably determined that a lesser sanction would not have served the purpose of deterrence. *See Stromberger v. Turley Law Firm*, 315 S.W.3d 921, 924-25 (Tex. App.—Dallas 2010, no pet.) (awarding sanctions based on conduct over a two-year period). We also note that the trial court awarded a sanction that was substantially smaller than the one that Johnson-Todd sought. Based on this record, and considering the broad discretion provided to the trial court by section 27.009, we conclude that the trial court did not abuse its discretion in determining that a $25,000 sanction was required to deter further actions by Morgan. We overrule Morgan's third issue and sustain Johnson-Todd's third cross-issue.

In issue four, Morgan argues that Johnson-Todd is not entitled to recover conditional appellate attorney's fees. In her first cross-issue, Johnson-Todd complains that the trial court abused its discretion by failing to award conditional appellate attorney's fees. Dorrell offered testimony that $50,000 was the proper amount of conditional attorney's fees for an appeal to the Court of Appeals and an additional $25,000 if Morgan filed a petition for review that did not result in a

complete reversal. In his controverting sworn affidavit regarding attorney's fees, Morgan averred that the trial court should award no more than $1000 for any successful appeal by Johnson-Todd. Although the record contains evidence of conditional appellate attorney's fees, the trial court did not award Johnson-Todd any conditional attorney's fees for a subsequent appeal.

Generally, when a statute requires the trial court to award attorney's fees to the prevailing party, "the trial court has no discretion to deny attorney's fees when presented with evidence of the same." *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015). When a trial court dismisses a legal action under the TCPA, section 27.009 requires the trial court to award reasonable attorney's fees, which includes appellate attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1); *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 864-65 (Tex. App.—Fort Worth 2018, no pet.). We conclude the trial court abused its discretion by failing to award conditional attorney's fees for this appeal, and we reverse the trial court's failure to grant Johnson-Todd's request for an award of conditional attorney's fees incurred in defending the award against Morgan's appeal. Therefore, we remand the case to the trial court to award Johnson-Todd the attorney's fees and expenses she incurred in defending the trial court's award as authorized by the TCPA. *See*

22

*DeAngelis*, 556 S.W.3d at 865. We overrule Morgan's fourth issue and sustain Johnson-Todd's first cross-issue in part.

In issue five, Morgan complains that the administrative judge erred in denying his motion to recuse the presiding trial judge. According to Morgan's motion, Morgan received emails that were exchanged between non-parties that allegedly show that the trial judge, after January 25, 2017, had *ex parte* communications with Johnson-Todd's representatives. Morgan attached the emails to his motion and asserted that the emails corroborated his claim that the trial court was influenced by the emails he received from an individual who was not a party to the litigation. According to Morgan, one of the emails affirmatively states that the trial judge had an *ex parte* communication with one of Johnson-Todd's representatives, which caused the trial judge to change his past ruling on the issue of TCPA attorney's fees and sanctions and to make a new ruling against Morgan. Morgan argued that these rulings, along with Morgan's lack of notice of a bench trial and his inability to conduct discovery, show that the trial judge had a pervasive bias against Morgan from an extrajudicial source and that the judge's impartiality might reasonably be questioned, making recusal mandatory.

We review the denial of a motion to recuse for an abuse of discretion. *See* Tex. R. Civ. P. 18a(j)(1)(A). "A party seeking recusal must satisfy a 'high threshold'

23

before a judge must be recused." *In the Interest of E.R.C.*, 496 S.W.3d 270, 279 (Tex. App.—Texarkana 2016, pet. denied). Under Texas Rule of Civil Procedure 18b(1) and (2), a judge shall recuse himself in any proceeding in which his impartiality "might reasonably be questioned[]" or in which he has a "personal bias or prejudice concerning the subject matter or a party[.]" Tex. R. Civ. P. 18b(1), (2). Morgan had the burden to prove recusal was warranted, and such a burden is only met through a showing of bias or impartiality to such an extent that he was deprived of a fair trial. *In the Interest of H.M.S.*, 349 S.W.3d 250, 253 (Tex. App.—Dallas 2011, pet. denied). A judicial ruling alone almost never constitutes a valid basis for a motion to recuse based on bias or partiality. *See id.* at 255. Under Rule 18b(2), the test for recusal is "'whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial.'" *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.) (quoting *Sears v. Olivarez*, 28 S.W.3d 611, 615 (Tex. App.—Corpus Christi 2000, no pet.)); *see also* Tex. R. Civ. P. 18(b)(2).

The record shows that on January 26, 2017, the day after the trial judge initially ruled on attorney's fees and sanctions, he sent a letter to the parties indicating that he would reconsider his prior ruling because he wanted to ensure that

24

his ruling comports with the law, especially *Sullivan v. Abraham*, 488 S.W.3d 294 (Tex. 2016). The record further shows that the trial judge conducted a second hearing on April 21, 2017, during which he made various rulings that Morgan complained about in his motion to recuse. According to Morgan, these rulings and the emails Morgan attached to his motion provide substantial evidence to demonstrate that the trial judge's impartiality can be reasonably questioned and that he has a pervasive bias and antagonism against Morgan that was derived from an extrajudicial source.

After reviewing the evidence that Morgan attached to his motion to recuse, including Dorrell's affidavit denying any relationship with the purported author of the emails, we conclude that Morgan failed to show under the applicable law that the trial judge displayed a bias or prejudice towards Morgan that would make a fair judgment impossible. *See In the Interest of H.M.S.*, 349 S.W.3d at 256. We further conclude that a reasonable person, being aware of all the facts, would not doubt that the trial judge was impartial. *See Hansen*, 346 S.W.3d at 776. Accordingly, the administrative judge did not abuse his discretion in denying Morgan's motion to recuse. We overrule issue five.

In issue six, Morgan complains that the trial court erred by permitting Dorrell to testify and provide evidence regarding attorney's fees and sanctions, because

Morgan did not receive forty-five days' notice of a bench trial. In her cross-issue, Johnson-Todd contends that Morgan waived his complaint by failing to assert it before the hearing began on April 21, 2017.

The record shows that Morgan did not object to a lack of notice during the April 21 hearing. The record further shows that the trial court recessed the April 21 hearing, and when the hearing resumed on April 28, 2017, Morgan then complained that he was entitled to forty-five days' notice. The trial court overruled Morgan's objection. Based on this record, we conclude that Morgan failed to preserve his complaint for our review. *See* Tex. R. App. P. 33.1. We overrule Morgan's sixth issue. Having determined that Morgan waived his issue six complaint, we need not address Johnson-Todd's fourth cross-issue, as it would not result in greater relief. *See* Tex. R. App. P. 47.1.

## Conclusion

We hold the trial court did not err by awarding Johnson-Todd $40,000 in attorney's fees, expenses, and court costs or by awarding $25,000 in sanctions under the TCPA. Nevertheless, we further hold the trial court erred by failing to award Johnson-Todd some amount for the attorney's fees, expenses, and court costs that she incurred for defending against Morgan's legal action, as authorized by section 27.009(a)(1) of the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1).

26

For that reason, we remand the case to the trial court for further proceedings consistent with the scope of this limited remand.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 17, 2018
Opinion Delivered December 20, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.