

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00100-CV

**JOSHUA AREY AND ROGINA KIMMONS,**

                                                            **Appellants**

 **v.**

**THE SHIPMAN AGENCY, INC.,**

                                                            **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 17-002869-CV-85

## MEMORANDUM OPINION

Joshua Arey and Rogina Kimmons were sued by their former employer, The Shipman Agency, Inc., (Shipman), after Kimmons filed a claim for unemployment. Arey and Kimmons filed a motion to dismiss the lawsuit under the Texas Citizens Participation Act (TCPA). TEX. CIV. PRAC. & REM. CODE ANN. § 27.001, et sec. (West 2014). After a hearing, the motion was denied. Because the trial court erred in denying the motion, the trial court's order is reversed and this appeal is remanded for further proceedings consistent with this opinion.

**THE TCPA**

The TCPA protects citizens who associate, petition, or speak on matters of public concern from legal actions that seek to intimidate or silence them.  *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 13 (Tex. 2018); *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015).  That protection comes in the form of a special motion to dismiss, subject to expedited review, for any suit that appears to stifle a defendant's exercise of those rights.  *Youngkin*, 546 S.W.3d at 679; *Lipsky*, 460 S.W.3d at 584.  The TCPA casts a wide net and is to be construed liberally to fully effectuate its purpose and intent.  *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017).  In determining whether a plaintiff's legal action should be dismissed, the TCPA requires the trial court to consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a) (West 2014); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 892 (Tex. 2018).

Entitlement to a TCPA motion to dismiss requires the completion of a two-, and possibly three-, step process.  *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018).  Under the first step, the burden is on the movant, typically a defendant, to show "by a preponderance of the evidence" that a legal action by the non-movant, typically a plaintiff, "is based on, relates to, or is in response to" the defendant's exercise of:  (1) the right of free speech; (2) the right to petition; or (3) the right of association.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (West 2014); *see Lipsky*, 460 S.W.3d at 586-87.  The statute defines what it means to exercise those rights, and courts must adhere to these

supplied legislative definitions. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). A preponderance of the evidence means that the evidence presented is more likely than not true. *See Lipsky*, 460 S.W.3d at 589; *In the Interest of C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

If a defendant is able to demonstrate that a plaintiff's legal action implicates one of these rights, the second step shifts the burden to the plaintiff to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) (West 2014); *see In re Lipsky*, 460 S.W.3d at 587. Although the statute does not define "clear and specific," "clear" means unambiguous, sure, or free from doubt, and "specific" means explicit or relating to a particular named thing. *S&S Emergency Training Sols., Inc. v. Elliott,* 564 S.W.3d 843, 2018 Tex. LEXIS 1312, at *8 (Tex. 2018) (internal quotes omitted); *In re Lipsky*, 460 S.W.3d at 590. "Prima facie case" as used in the statute means a "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id*. Direct evidence of damages is not required, but the evidence must be sufficient to allow a rational inference that some damages naturally flowed from the defendant's conduct. *S&S Emergency Training Sols.*, 564 S.W.3d 843 at *8.

If the plaintiff satisfies that requirement, the burden shifts back, in step three, to the defendant to prove each essential element of any valid defenses by a preponderance of the evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d) (West 2014); *Youngkin v. Hines*, 546 S.W.3d 675, 679-80 (Tex. 2018).

On appeal, our review of the trial court's ruling on a TCPA motion to dismiss is de novo. *See Holcomb v. Waller Cty.,* 546 S.W.3d 833, 839 (Tex. App.—Houston [1st Dist.]

2018, pet. denied); *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied); *Johnson-Todd v. Morgan*, 480 S.W.3d 605, 609 (Tex. App.—Beaumont 2015, pet. denied). *See also Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

*Step One*

As required, we first decide whether Shipman's lawsuit was based on, related to, or in response to Arey's and Kimmons's exercise of their right of free speech, right to petition, or right of association. In conducting our de novo determination under any of the steps, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based as the trial court was required to consider. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a) (West 2014); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 892 (Tex. 2018); *Johnson-Todd*, 480 S.W.3d at 609. And when it is clear from the plaintiff's pleadings that the action is covered by the TCPA, the defendant need show no more. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

Arey and Kimmons each signed employment agreements when they began working for Shipman. Kimmons' agreement required her "never to legally sue" Shipman "for any reason what so ever within the Universe." Arey's agreement included a similar provision wherein he agreed "that all rights to claims, lawsuits, or allegation, shall be waived forever…." When Kimmons refused to sign a new employment agreement, Shipman terminated Kimmons' employment, but required Kimmons to finish all the assigned tasks for the day. Shipman also told Kimmons that "'if [Arey] or I said or did anything or made any disgruntled statements[,] she would come down on me,

[Arey],…and anybody else.'" Shortly thereafter, Kimmons filed for unemployment benefits with the Texas Workforce Commission.

On November 1, 2017, about a month after Kimmons filed her complaint with the TWC, Shipman sued both Arey and Kimmons, alleging in the "Facts" portion of its petition that Arey and Kimmons executed valid confidentiality and non-compete agreements and that:

> Defendants have made statements on social media about Shipman's confidential information. Defendants have disclosed and continue to disclose Shipman's confidential information…Defendants have contacted employees, contractors, sponsors, vendors, or goods and service providers of Shipman to terminate their association with Shipman.

It is clear from Shipman's petition that her legal action is covered by the TCPA, in that it is based on, relates to, or is in response to Arey's and Kimmons's exercise of the right of free speech because Shipman alleges communications by Arey and Kimmons in connection with a matter of public concern.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3) (The "exercise of the right of free speech" means a communication made in connection with a matter of public concern); § 27.001(7)(E) (a "matter of public concern" includes an issue related to: a good, product, or **service** in the marketplace). The first step is met. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (when it is clear from the

---

[1] Shipman contends that Arey and Kimmons did not prove retaliation. Retaliation is not a requirement the statute imposes. The statute only requires a demonstration that the action is based on, relates to, or is in response to a party's exercise of the right of free speech. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). Shipman's argument, therefore, constitutes an improper effort to narrow the scope of the TCPA by reading language into the statute that is not there and will not be followed. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 901 (Tex. 2017). *See also Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018) (injecting requirement that the Act's safeguard of certain First Amendment rights only applies to constitutionally guaranteed activities is disloyal to the Act's text).

plaintiff's pleadings that the action is covered by the TCPA, the defendant need show no more).

***Step Two***

Next, we determine whether Shipman established by clear and specific evidence a prima facie case for each essential element of the claims alleged in the petition. Clear and specific evidence includes relevant circumstantial evidence and the rational inferences that may be drawn therefrom. *Lipsky*, 460 S.W.3d at 584, 591. Shipman sued both Arey and Kimmons for breach of contract, conversion, and theft under the Theft Liability Act. Shipman also sued Kimmons for fraud.

<u>Breach of Contract</u>

A breach of contract action requires proof of four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) "the plaintiff sustained damages as a result of the breach." *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 2018 Tex. LEXIS 1312 at *9 (Tex. 2018). Thus, Shipman needed to establish by clear and specific evidence a prima facie case that the nondisclosure agreement was a valid contract, that Shipman performed by providing information covered by the agreement, that Arey and Kimmons disclosed information covered by the agreement, and that Shipman sustained damages as a result of the disclosure. Arey and Kimmons each signed a "CONFIDENTIALITY/NON COMPETE and AGENCY AGREEMENT." Even assuming without deciding that these agreements were valid contracts, there is no clear and specific evidence in the record that Shipman performed under the contract, that Arey and Kimmons breached the contracts, or that Shipman was

damaged as a result of the alleged breach.[2]  Accordingly, Shipman did not establish by

clear and specific evidence a prima facie case for each essential element of the breach of

contract claim.

*Conversion*

To establish a claim for conversion, a plaintiff must prove that (1) the plaintiff

owned or had possession of the property or entitlement to possession; (2) the defendant

unlawfully and without authorization assumed and exercised control over the property

to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff

demanded return of the property; (4) the defendant refused to return the property; and

the plaintiff was injured.  *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718

(Tex. App.—Dallas 2014, pet. denied).

Shipman asserted in an affidavit in response to the motion to dismiss that:  1)

Shipman owned, possessed, or had the right to immediate possession of a cookbook,

merchandise, a Corral purse, a pair of Corral boots, cowboy shirts, Corral girl shirts, and

belts; 2) Arey and Kimmons physically took and unlawfully appropriated the property

without Shipman's consent and deprived Shipman of its free use and enjoyment; 3) Arey

and Kimmons have withheld the property from Shipman; 4) Shipman seeks the return of

the property; and 5) alternatively, Shipman seeks damages for the lost value of the

property, at least $6,000.00.  Although some of the essential elements of conversion may

---

[2] Objections to Shipman's affidavit regarding these elements were sustained by the trial court at the hearing on the motion to dismiss.  Shipman complains that the trial court erred in sustaining the objections to the affidavit, but provides no authority for its complaints.

be supported by this conclusory affidavit, the affidavit is not clear and specific evidence that Shipman demanded the return of the property or that Arey and Kimmons refused to return the property. Accordingly, Shipman did not establish by clear and specific evidence a prima facie case for each essential element of its conversion claim.

*Theft Liability Act*

According to the Theft Liability Act, a person who commits theft is liable for the damages resulting from the theft. TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a) (West 2011). A person commits theft if the person unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West 2011). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* (b)(1). "Intent to deprive" is the person's intent at the time of the taking and can be inferred from the words and acts of the person. *McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 906, 907 (Tex. App.—Dallas 2014, pet. denied).

The same affidavit evidence offered to support Shipman's claim for conversion was offered to support its claim under the Theft Liability Act. Reviewing that evidence, there is nothing to indicate that Arey or Kimmons intended to deprive Shipman of any property. No words or actions evidenced Arey's or Kimmons's intent at the time property was allegedly taken. Accordingly, Shipman did not establish by clear and specific evidence a prima facie case for each essential element of its claim under the Theft Liability Act.

*Fraud*

Common-law fraud requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

An objection to the paragraph in Shipman's affidavit regarding its fraud claim against Kimmons was sustained. The only "evidence" of Shipman's fraud claim against Kimmons appears to be 30 pages of documents which are attached to the affidavit. These appear to be timesheets which are filled out and signed by Kimmons. Certain times on each of these timesheets are circled and numbers are written at the top of each page. At the top of the first page, the written number, 6.5, is circled. Next to that number is the notation:

> total
> > 97 Hours
> > <u>20 mins,</u>
> total Fraud or
> > padded Hours

There is nothing to show who circled the times, made the notation on the first page, or wrote the numbers on the remaining pages.

These documents do not indicate that the representations made by Kimmons in the documents were false or that she knew they were false. Further, these documents do not indicate Shipman was injured. Accordingly, Shipman did not establish by clear and specific evidence a prima facie case for each essential element of its fraud claim.

*Conclusion*

Based on this record, the TCPA applies to Shipman's legal action. Further, Shipman did not establish by clear and specific evidence a prima facie case for each essential element of each of its claims as required to avoid dismissal under the Act. Because it did not, the trial court erred in failing to grant Aery's and Kimmons's motion to dismiss. Accordingly, Aery's and Kimmons's first and second issues are sustained.[3]

**ATTORNEY'S FEES**

Section 27.009 mandates that if an action is dismissed under the TCPA, the trial court "shall award to the moving party court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require," as well as sanctions "sufficient to deter" future "similar actions." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).

Because the trial court did not grant Arey's and Kimmons's motion to dismiss, it has not had the opportunity to determine the amount of trial court costs, reasonable attorney's fees, and other expenses that justice and equity require be awarded to Arey and Kimmons or the amount of sanctions sufficient to deter Shipman from bringing similar actions in the future. Accordingly, we sustain Arey's and Kimmons's fourth issue and remand the case to the trial court to make these determinations. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299-300 (Tex. 2016).

---

[3] Because Shipman did not sustain its burden, we need not review the third step in the TCPA process: whether Arey and Kimmons proved by a preponderance of the evidence a valid defense to Shipman's claims.

CONCLUSION

Having sustained each issue necessary to the disposition of the appeal, we reverse the trial court's "ORDER OF DISMISSAL UNDER TEXAS CITIZENS PARTICIPATION ACT,"[4] which actually denied Arey's and Kimmons's motion to dismiss rather than granted it as the title of the order suggests on February 21, 2018, and remand this case to the trial court to grant Arey's and Kimmons's motion to dismiss under the TCPA and to determine the amount of court costs, reasonable attorney's fees, and other expenses that justice and equity require be awarded to Arey and Kimmons and the amount of sanctions sufficient to deter Shipman from bringing similar actions in the future.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins[5]
Reversed and remanded
Opinion delivered and filed May 1, 2019
[CV06]



---

[4] It appears that the trial court signed a draft order prepared by Arey and Kimmons to grant the motion to dismiss but altered the disposition from "granted" to "denied" and blacked out several other paragraphs in the order.

[5] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).