**Affirmed and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01027-CV

**MARK MILLS, Appellant**
**V.**
**DAVID CARLOCK, ATTORNEY AT LAW; BLAISE GORMLEY, ATTORNEY AT LAW; JACKIE MILANDER, ATTORNEY AT LAW; AND D/B/A CARLOCK-GORMLEY-HIGHT, Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-02498-D**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lang
Opinion by Justice Francis

Mark Mills appeals the trial court's order dismissing his claims against David Carlock, Blaise Gormley, Jackie Milander, and the law firm of Carlock-Gormley-Hight ("Carlock"). In five issues, Mills contends the trial court erred in dismissing his claims and awarding Carlock sanctions and attorney's fees. We affirm the trial court's judgment.

The facts as set out in the pleadings show that in February 2014, Carlock began representing Mills's former wife in her divorce action against Mills in the 302nd Judicial District Court. Both sides characterize the divorce as contentious.

A hearing was conducted on March 24 at which a court reporter retained by Carlock was present. The next day, Mills filed a notice in the trial court designating the transcript of the

hearing and the exhibits attached as confidential under an earlier confidentiality order governing the production and disclosure of business and financial materials. Four days later Carlock objected to the designation. On April 23, the district court signed an addendum to the confidentiality order stating that "upon receipt of an objection to the 'confidential' designation, the producing party shall submit the document designated as 'confidential' for in camera inspection, and the Court will rule on the designation of 'confidential.'" Mills did not submit the transcript from the March 24 hearing to the court for an in camera inspection and ruling at that time.

On May 6, a hearing was held by an associate judge on orders made by the district court regarding interim attorney's fees and temporary support. At the beginning of the hearing, counsel for Mills stated "I would like to – and I believe Mr. Carlock and I have already discussed offer – or tender to the Court the transcript from the March 24 hearing as [Mills's] Exhibit 1." Carlock stated he had no objection and the trial court admitted the transcript with the attached exhibits. Mills made no mention of any potentially confidential information in the transcript at the time he tendered it as an exhibit. Mills was ultimately ordered to pay Carlock $85,000 in interim attorney's fees of which he paid $35,000 in change and small bills delivered to Carlock's offices in baggies.

On May 16, Carlock filed a response to a motion for summary judgment filed by Mills. Attached as an exhibit to the response was the transcript of the March 24 hearing. Three weeks later, Mills filed a "Motion to Deem Exhibits Confidential" submitting for the first time the March 24 transcript for in camera inspection as required by the confidentiality order addendum. Mills also filed a "Motion for Protection and Motion for Injunction Regarding Filing of Documents Designated as Confidential" stating that the addendum failed to prevent disclosure of

documents designated as confidential between the time the documents were designated and the time the court made its ruling on any objections to the designation.

On June 12, a hearing was conducted in the 256th Judicial District Court on a petition by Carlock to unseal the record of another divorce action involving Mills. At the hearing, Carlock submitted the March 24 transcript as one of the exhibits.

The 302nd district court conducted a hearing on September 22 in which it addressed various motions including Mills's motions concerning the allegedly confidential material. Although the confidentiality order specified it covered "business and financial material," Mills argued at the hearing that the March 24 transcript also included confidential healthcare information. The court informed Mills's counsel it was not willing to declare the entire March 24 transcript confidential, but would consider a redaction of specific portions identified by Mills. Mills's counsel stated they would "present a specific letter, line item, [and] page number for each specific objection" to identify the material in the transcript Mills wanted removed. There is no indication Mills ever submitted proposed redactions of the March 24 transcript to the district court for consideration.

Two months later, Carlock provided Dr. Blake Mitchell, the court appointed psychologist, with various pleadings, hearing transcripts, discovery responses, and court orders from the divorce proceeding. Mills contends these disclosures included the confidential information at issue.

On January 16, 2015, the district court signed an order with its rulings on the motions heard on September 22. The court ordered both parties enjoined from filing any document designated as "confidential" until the court determined the document could be filed. The court further ordered if a party designated a document as "confidential," the other side must object

within five days, and a hearing must be held within seven days of the objection being filed. The record does not indicate Mills took any further action with regard to the March 24 transcript.

The divorce was resolved by a consent decree on October 22, 2015. One day after the decree was signed, Mills sent Carlock an email attaching a grievance he filed against the firm with the State Bar Disciplinary Counsel. The email stated "Thought you would enjoy seeing your legal careers in peril. Things are about to get expensive, so you better hang on to that money I paid you. You are going to need every penny of it (like the ones I delivered to your office) and MORE!! BAHAHAHAHA!!" According to Carlock, the grievances were based on, among other things, the firm's alleged disclosure of Mills's confidential medical information. Carlock asserts, and Mills does not dispute, the disciplinary counsel determined the allegations made by Mills lacked merit and were not investigated.

Mills filed his original petition in this suit on May 16, 2016 asserting causes of action against Carlock for negligence, breach of fiduciary duty, unauthorized use of identifying information, violations of the Texas Medical Records Privacy Act, and violations of the Texas Deceptive Trade Practices Act. Mills later filed a supplemental petition adding a claim for publication of private facts. The petitions show Mills based his claims on Carlock's alleged disclosures of confidential information in the 302nd and 256th district court proceedings and its provision of "protected health information" to the court appointed psychologist.

Carlock moved to dismiss Mills's claims under rule 91a of the Texas Rules of Civil Procedure and section 27.003 of the Texas Civil Practice and Remedies Code. The trial court granted Carlock's requested relief on all of the grounds asserted and dismissed Mills's claims with prejudice. In addition, the court awarded Carlock $22,112.50 in attorney's fees and $22,112.50 in sanctions based on its finding Mills "brought this suit for an improper purpose, including to harass, cause unnecessary delay, and increase the costs of litigation." The court

further found sanctions were appropriate "to deter Plaintiff Mark Mills from bringing similar actions." Mills now brings this appeal challenging the trial court's dismissal of his claims and the award of fees and sanctions.

We begin with Mills's third issue in which he contends the trial court erred in dismissing all his claims under chapter 27 of the civil practice and remedies code otherwise known as the Texas Citizen Participation Act. The Act is an anti-SLAPP statute intended to prevent "strategic lawsuits against public participation." *See Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App.—Austin 2015, no pet.). The Act allows a party to move to dismiss a legal action that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West 2015). The Act imposes an initial burden on the movant to establish by a preponderance of the evidence that the legal action brought by the nonmovant is based on, relates to, or is in response to its exercise of one of the listed constitutional rights. *Id.*§ 27.005(b). The burden then shifts to the non-movant to establish by clear and specific evidence a prima facie case for each element of the claim in question. *Id.* §27.005(c). If the non-movant fails to meet this burden, the trial court must dismiss the action. *Id.* §27.005(b). We review the trial court's rulings de novo. *See Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 727 (Tex. App.—Dallas 2016, pet. denied).

When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). If the pleadings alone satisfy the movant's burden, no additional evidence is required. *See Serafine*, 466 S.W.3d at 360. Carlock moved for dismissal under chapter 27 arguing, among other things, Mills claims as set out in his original and supplemental petitions were based on communications occurring as part of the divorce proceeding in which Carlock represented Mills's ex-wife and were based on,

related to, or in response to Carlock's exercise of the right to petition. *See Johnson-Todd v. Morgan*, 480 S.W.3d 605, 611 (Tex. App.—Beaumont 2015, pet. denied) (TCPA protections extend to attorneys acting as agents of clients). The Act defines the "exercise of the right to petition" to include "a communication in or pertaining to . . . a judicial proceeding."

Mills contends Carlock failed to meet its initial burden to show the claims against it were based solely on communications covered by the Act. Mills concedes "some (perhaps even most)" of the communications on which his claims were based occurred during court hearings or in pleadings" and these communications "constitute the exercise of the right to petition." Mills argues, however, that some statements in his petitions do not reference any judicial proceedings and therefore cannot be read to fall within Carlock's right to petition. In making this argument, Mills relies on several general statements in his petitions such as that Carlock "disclosed to the entire world the protected health information of plaintiff in violation of his privacy rights," and "in May 2014 and at other times, [] gave publicity to facts concerning Plaintiff's private life." Although these general allegations do not, in and of themselves, reference judicial proceedings, all of the facts alleged in the petitions to support these allegations concern communications made in the course and furtherance of the divorce proceeding. There is nothing in the petitions, or the record as a whole, that would support any conclusion other than the general allegations made by Mills concern only the communications specified in the pleadings and all of those communications were made in, or pertain to, a judicial proceeding. *Cf. Cheniere Energy, Inc. v. Lofti*, 449 S.W.3d 210, 214 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (only one of five factual assertions could be read to indicate a communication occurred).

Mills points to his statement in his original petition that Carlock "disclosed protected health information to another healthcare provider without the authorization or consent of plaintiff" as an allegation that does not specifically reference a communication in a judicial

proceeding. In the sentence immediately following, however, Mills discusses Carlock's November 19 disclosure of various pleadings, transcripts, and discovery to the court-ordered psychologist in the divorce proceeding. There is nothing in the pleadings or the record to indicate Carlock made any other disclosures to a healthcare provider and Mills does not dispute that Carlock's disclosure to the court ordered psychologist was a communication in, or pertaining to, a judicial proceeding.

Mills suggests that because his general allegations are broad enough that they *could* be read to reference communications other than the ones specified in the petitions, Carlock was required to submit proof that no other communications occurred. Essentially, Mills argues Carlock was required to provide evidence to address communications that were not alleged and, to date, have not been identified. Mills cannot avoid the dismissal of his action by stating his petition is broad enough to encompass other possible facts that might exist but were not pleaded and have not been identified. The Act requires more than mere notice pleading. *See In re Lipsky*, 460 S.W.3d 579, 590–91 (Tex. 2015). A plaintiff must provide enough detail to show the factual basis for his claim. *Id*. at 591. Even reading the petitions in the light most favorable to Mills, he has alleged no facts showing a communication occurred outside the scope of the divorce proceedings.

In response to Carlock's motion to dismiss, Mills submitted an affidavit identifying only two alleged communications as forming the basis of his claims. The first was Carlock's filing of the March 24 transcript as a summary judgment exhibit. Mills does not dispute this was a communication falling within the scope of Carlock's right to petition.

The factual basis asserted for the second communication was a text message Mills received from a man named James Wrightsman. Wrightsman, a former client of Carlock, sent a message to Mills stating, "Interesting stuff out there in the public electronic domain, no…?"

Mills asserts he received this message a few hours before Carlock filed its response to his motion for summary judgment in the divorce proceeding which included the March 24 transcript. Based on the timing of the text message, Mills asserts Carlock must have given Wrightsman the March 24 transcript before it became accessible to the general public on the district court's website. Because Wrightsman was not involved in the divorce case, Mills argues any disclosure to him falls outside the Act's protections for communications in a judicial proceeding.

Contrary to Mills's speculation, nothing in the text message indicates Carlock directed any communication to Wrightsman about the matters at issue. In fact, the message indicates the opposite as it refers only to disclosures already in the public domain. The divorce proceedings had been pending for approximately two years when the message was sent and, to the extent the message could be read to refer to anything associated with Carlock, it could only refer to the filings previously made in the divorce case which were communications in a judicial proceeding. *See Watson v. Hardman*, 497 S.W.3d 601, 606 (Tex. App.—Dallas 2016, no pet.). The message does not mention the response to the motion for summary judgment, or any other filing in the divorce case, and Mills has alleged no facts supporting a conclusion that Carlock disclosed information about Mills to Wrightsman separate and apart from the filings available on the district court's website in the divorce suit. Because the pleadings establish all of Mills's claims arise out of communication made by Carlock in, or pertaining to, the divorce proceeding, and Mills has failed to allege any facts supporting a claim outside the scope of communications protected by the Act, we conclude the trial court correctly determined Carlock met its burden under section 27.005(b).

Once Carlock met its burden under section 27.005(b), the burden then shifted to Mills under section 27.005(c) to present clear and specific evidence establishing a prima facie case for each essential element of his claims. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). In his

response to the motion to dismiss, Mills attempted to establish a prima facie case only as to his claim for publication of private facts. He does not argue on appeal the trial court erred in determining he failed to meet his burden under section 27.005(c) as to that claim. Accordingly, we conclude Mills has failed to show the trial court erred in dismissing his claims under the Act. We resolve his third issue against him.

In his fourth and fifth issues, Mills contends the awards of attorney's fees and sanctions must be reversed because the trial court erred in granting Carlock's motions to dismiss. We have already determined Mills has failed to show the trial court erred in dismissing his claims under chapter 27. The trial court is required to award both attorney's fees and sanctions when dismissing a legal action under chapter 27. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a). Because Mills does not challenge the awards on any other basis, his argument is without merit.

Mills makes the assertion that "if this Court reverses the trial court's order granting only one of these motions [to dismiss], the attorney's fee award still must be reversed and the case remanded for a new determination of fees under the surviving dismissal order." First, because we have already determined all the relief granted by the trial court is sustainable under chapter 27, it is unnecessary for us to address Mills's assertion of error as to Carlock's other motion to dismiss. Second, Mills makes no argument and cites no authority for the proposition that the fee award in this case must be re-determined if the dismissal is upheld under only one of the asserted grounds. Bare assertions of error without argument or authority waive error. TEX. R. APP. P. 38.1 We resolve Mills's fourth and fifth issues against him.

Based on the foregoing, it is unnecessary for us to address the remainder of Mills's issues.  We affirm the trial court's judgment.


/Molly Francis/
MOLLY FRANCIS
JUSTICE




161027F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK MILLS, Appellant

No. 05-16-01027-CV     V.

DAVID CARLOCK, ATTORNEY AT
LAW; BLAISE GORMLEY, ATTORNEY
AT LAW; JACKIE MILANDER,
ATTORNEY AT LAW; AND D/B/A
CARLOCK-GORMLEY-HIGHT, Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-16-02498-D.
Opinion delivered by Justice Francis.
Justices Lang and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees DAVID CARLOCK, ATTORNEY AT LAW; BLAISE
GORMLEY, ATTORNEY AT LAW; JACKIE MILANDER, ATTORNEY AT LAW; AND
D/B/A CARLOCK-GORMLEY-HIGHT recover their costs of this appeal from appellant MARK
MILLS.

Judgment entered April 26, 2017.