

IN THE
TENTH COURT OF APPEALS

No. 10-21-00135-CV

JETALL COMPANIES, INC.,

Appellant

v.

JPG WACO HERITAGE LLC,

Appellee

From the 74th District Court
McLennan County, Texas
Trial Court No. 2019-4557-3

# O P I N I O N

Appellant, Jetall Companies, Inc. ("Jetall"), filed a motion, under the Texas Citizens Participation Act ("TCPA"), to dismiss counterclaims filed by appellee, JPG Waco Heritage, LLC ("JPG"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.010. After a hearing, the trial court failed to rule on the motion within thirty days, and the motion was denied by operation of law. In one issue, Jetall contends that the denial of its TCPA motion to dismiss was in error. We affirm.

## Background

This dispute arose from a purported agreement under which JPG allegedly contracted to sell to Jetall real property located at 215 Washington Avenue in Waco, Texas. *See, e.g., Jetall Cos., Inc. v. JPG Waco Heritage, LLC*, No. 07-20-00126-CV, 2020 Tex. App. LEXIS 4860, at *1 (Tex. App.—Amarillo June 30, 2020, pet. denied) (mem. op.). Jetall later learned that JPG intended to sell the property to a third party. *Id.* Based on this information, Jetall filed a notice of lis pendens. *Id.* The trial court expunged the lis pendens and temporarily enjoined Jetall, Ali Choudhri, and those entities they own and control from filing additional notices of lis pendens.[1] *Id.*

Jetall then filed suit against JPG, alleging breach-of-contract, fraud, and fraudulent-inducement claims. JPG counterclaimed, asserting claims for tortious interference with an existing contract and a fraudulent lien based, in part, on Jetall's filing of an October 10, 2019 notice of lis pendens. JPG specifically alleged that Jetall's October 10, 2019 notice of lis pendens caused the termination of a pending sale of the property for $8 million and resulted in JPG having to pay the third-party buyer $40,000 for failing to close the sale of the property due to Jetall's tortious interference.

Thereafter, Jetall filed a motion to compel arbitration, which the trial court denied. Jetall appealed. The Seventh Court of Appeals modified the temporary injunction

---

[1] Ali Choudhri wholly owns and controls Jetall Companies, Inc.

granted in favor of JPG and affirmed both the modified temporary injunction and the order denying arbitration.[2] *Id.* at *6.

After the Seventh Court of Appeals issued its opinion, JPG amended its counterclaims twice, with the second amendment being filed on September 9, 2020. In its third amended counterclaim, JPG alleged additional facts in support of its claims for tortious interference with an existing contract and a fraudulent lien, including allegations that Jetall had filed four notices of lis pendens in an attempt to prevent the property from being sold.

Jetall answered JPG's amended counterclaims and asserted a privilege and immunity affirmative defense. In addition, as relevant to this case, Jetall filed a TCPA motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) ("If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action."). JPG filed a response to Jetall's TCPA motion to dismiss, attaching numerous exhibits to the response.

The trial court conducted a hearing on Jetall's TCPA motion to dismiss. However, the trial court did not issue a ruling on the motion to dismiss within thirty days of the

---

[2] The Texas Supreme Court denied Jetall's petition for review of the Seventh Court of Appeals's decision. *See, e.g., Jetall Cos. v. JPG Waco Heritage, LLC*, 20-0785, 2021 Tex. LEXIS 192 (Tex. Mar. 5, 2021).

hearing date. *See id.* 27.005(a) ("The court must rule on a motion under Section 27.003 not later than the 30th day following the date the hearing on the motion concludes."). Because the trial court did not issue a ruling within thirty days of the hearing date, pursuant to section 27.008 of the Texas Civil Practice and Remedies Code, Jetall's TCPA motion to dismiss was denied by operation of law, and Jetall is entitled to appeal the denial of the motion. *See id.* § 27.008(a) ("If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.").

### Timeliness of Jetall's TCPA Motion to Dismiss

In its sole issue on appeal, Jetall complains that the trial court erred by denying its TCPA motion to dismiss. Specifically, Jetall contends that: (1) the TCPA motion to dismiss was timely filed and heard within the statutory time frame; (2) the TCPA applies to tortious-interference-with-a-contract claims based on a notice of lis pendens; and (3) the notice of lis pendens cannot give rise to a tortious-interference-with-contract claim as a matter of law. We first address the timeliness of Jetall's TCPA motion to dismiss.

#### STANDARD OF REVIEW

We review de novo a trial court's denial of a motion to dismiss under the TCPA. *Schmidt v. Crawford*, 584 S.W.3d 640, 646-47 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Holcomb v. Waller County*, 546 S.W.3d 833, 839 (Tex. App.—Houston [1st Dist.] 2018, pet. denied)); *see Johnson-Todd v. Morgan*, 480 S.W.3d 605, 609 (Tex. App.—

Beaumont 2015, pet. denied). In reviewing the trial court's ruling, we consider the pleadings and the evidence the trial court considered at the time the ruling occurred. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *see In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015).

**DISCUSSION**

On appeal, Jetall argues that its TCPA motion to dismiss was timely filed because the deadline to file the TCPA motion to dismiss was extended by JPG's filing of its second and third amended original answer and counterclaims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b) ("A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action.").

The Texas Supreme Court has stated the following regarding the TCPA and the Act's timeliness requirements:

> The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused. To accomplish this objective, the Act provides a three-step process for the dismissal of a legal action to which it applies. First, the defendant must demonstrate that the legal action is "based on or is in response to" the defendant's exercise of the right of speech, petition, or association. Second, if the defendant meets that burden, the claimant may avoid dismissal by establishing by clear and specific evidence a prima facie case for each essential element of the claim in question. Finally, if the claimant meets that burden, the court still must dismiss the legal action if the defendant establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law.

> In deciding whether a legal action should be dismissed, the trial court must consider the pleadings and evidence . . . stating the facts on which the liability or defense is based. For each step, the Act provides

specific procedures and deadlines for filing, responding to, hearing, ruling on, and appealing the dismissal motion.

The dismissal motion itself must be filed not later than the 60th day after the date of service of the legal action. The Act expressly defines a legal action to mean a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief. As we recently observed, this definition is undeniably broad and encompasses any procedural vehicle for the vindication of a legal claim.

*Montelongo v. Abrea*, 622 S.W.3d 290, 295-96 (Tex. 2021) (internal citations & quotations omitted).

The *Montelongo* Court further noted:

Although we have not previously addressed this issue, Texas courts of appeals have addressed it in numerous cases. The courts have consistently agreed that an amended or supplemental pleading does not constitute or assert a new legal action if it asserts the same legal claims or causes of action by and against the same parties based on the same essential factual allegations. If, however the new pleading adds a new party as a claimant or defendant, the courts have agreed that the pleading asserts a new legal action and starts a new sixty-day period to file a dismissal motion, but only as to the claims asserted by or against the new party. And the courts have also consistently agreed that an amended pleading constitutes or asserts a new legal action if it includes new essential factual allegations that were not included in the prior pleading, allowing a new sixty-day period to seek dismissal of claims to the extent they are based on those new factual allegations.

We agree with these holdings. . . .

We agree, of course, that an amended petition, pleading, or filing is a petition, pleading, or filing, and in that sense, we conclude that every amended or supplemental petition falls within the broad definition of a legal action. But we cannot agree that the claimant's service of any amended or supplemental petition, pleading, or filing triggers a new sixty-day period for filing a dismissal motion. We cannot construe the Act to

grant a new deadline for legal actions that have previously been served, because doing so would render the Act's deadlines meaningless . . . . Construing the Act to permit a defendant to file a dismissal motion after the claimant files a new pleading asserting the same claims by and against the same parties and based on the same essential facts would negate the sixty-day deadline completely.

. . . Although an amended petition that adds no new parties, claims, or essential factual allegations is, of course, a petition that asserts a cause of action and constitutes a pleading or filing that requests relief, it merely reasserts the same legal action to which the deadline has already applied. We agree with the courts that have held that such an amended petition constitutes and asserts only the same legal action to which the deadline has already applied, and thus does not trigger a new sixty-day period for filing a dismissal motion.

We also agree with the courts that have held that an amended or supplemental petition that adds new parties or new essential factual allegations does assert a new legal action and starts a new sixty-day period as to the new parties and the claims based on the new factual allegations. Like an amended petition that involves the same claims, parties, and factual allegations, an amended petition that includes new parties or new essential factual allegations is a petition and a pleading or filing that requests . . . relief, and thus qualifies as a legal action, but it is not the same legal action to which the deadline has already applied.

*Id.* at 297-99 (internal citations & quotations omitted).

As relevant here, JPG filed its first amended original answer and counterclaims on November 14, 2019. In this filing, JPG asserted that Jetall tortiously interfered with an existing contract to sell the property in question by "contacting the third-party buyer directly and threatening the third-party buyer with legal action and financial harm should they continue with the purchase of the Property." JPG also argued that Jetall and

Choudhri's notice of lis pendens constituted a fraudulent lien designed "for the specific purpose of stopping the sale of the Property and causing JPG financial [h]arm."

As stated above, JPG later filed a second and third amended original answer and counterclaims against Jetall. The third amended original answer and counterclaim, in particular, was filed on September 9, 2020, and asserted the same two causes of action—tortious interference with an existing contract and a fraudulent lien—as the first amended original answer and counterclaims with additional facts supporting the causes of action, including references to four notices of lis pendens filed by Jetall and Choudhri involving the property and Jetall's purported violation of a temporary injunction entered by the trial court.

Jetall contends that the addition of new facts in the third amended original answer and counterclaims constitutes a new legal action that restarts the sixty-day period for filing a TCPA dismissal motion. We disagree.

JPG's third amended original answer and counterclaims did not assert new claims or new parties. Further, the first amended original answer and counterclaims and the third amended original answer and counterclaims allege essentially the same facts and do not change the essential nature of the action—that Jetall and Choudhri engaged in acts, including the filing of alleged fraudulent notices of lis pendens, designed to thwart the purchase of the property in question by a third-party buyer. *See id.* at 297-99; *TV Azteca, S.A.B. de C.V. v. Ruiz*, 611 S.W.3d 24, 31 (Tex. App.—Corpus Christi 2020, no pet.)

(holding that an amended petition that added "additional information" to fourteen previously alleged defamatory statements did not assert "new factual allegations so as to restart the clock on appellants' TCPA motion to dismiss deadline"); *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Although an amended petition asserting claims based upon new factual allegations may reset a TCPA deadline as to the newly-added substance, the deadline for a TCPA motion is not reset when a plaintiff files an amended petition that adds no new claims and relies upon the same factual allegations underlying an original petition." (internal citations omitted)); *In re Estate of Check*, 438 S.W.3d 829, 837 (Tex. App.—San Antonio 2014, no pet.) (holding that an amended counterpetition that did not add new claims or parties provided "neither a basis nor a compelling reason to reset the original sixty-day deadline"); *see also Borderline Mgmt., LLC v. Ruff*, No. 11-19-00152-CV, 2020 Tex. App. LEXIS 1940, at \*\*22-23 (Tex. App.—Eastland Mar. 5, 2020, pet. denied) (mem. op.) (holding that an amended petition did not start a new sixty-day period because its "factual allegations . . . essentially remain[ed] the same," and it did not allege a "new claim" or make "substantively new factual allegations that changed the essential nature of the claims"); *Mancilla v. Taxfree Shopping, Ltd.*, No. 05-18-00136-CV, 2018 Tex. App. LEXIS 9371, at \*\*8-10 (Tex. App.—Dallas Nov. 16, 2018, no pet.) (mem. op.) (holding an amended petition asserting new claims based on new factual allegations did not trigger a new sixty-day period because the new factual allegations did not change "the essential nature" of the action).

Further, the third amended original answer and counterclaims merely provides more detail and recounts additional notices of lis pendens filed by Jetall and Choudhri seeking to achieve the same goal of thwarting the potential sale. The reference to additional notices of lis pendens did not, and could not, change the nature or amount of the remedy and is simply an allegation of facts of the same nature as previously alleged that would support the same theory and amount of recovery. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991) ("The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury."); *Brewer & Pritchard, P.C. v. AMKO Res. Int'l, LLC*, No. 14-13-00113-CV, 2014 Tex. App. LEXIS 7627, at **15-17 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.) (mem. op.) (noting that one-satisfaction rule applies when multiple tortious interferences with an existing contract result in a single injury). As such, we conclude that the third original answer and counterclaims constitutes the same legal action as the first original answer and counterclaims for purposes of the TCPA. *See Montelongo*, 622 S.W.3d at 297-99. Thus, the filing of the second or the third amended original answer and counterclaims did not trigger a new sixty-day period for filing a TCPA motion to dismiss. *Id.* at 297-99.

Because JPG's first and third amended original answer and counterclaims constitute the same legal action, and because the filing of the second and third amended original answer and counterclaims did not trigger a new sixty-day period for filing a TCPA motion to dismiss, we use the filing date of the first amended original answer and

counterclaims to measure the timeliness of Jetall's TCPA motion to dismiss. As mentioned previously, JPG filed its first original answer and counterclaims on November 14, 2019. The record reflects that Jetall did not file its TCPA motion to dismiss until September 23, 2020—approximately ten months after JPG filed its first amended original answer and counterclaim. Because Jetall did not file its TCPA motion to dismiss within sixty days of November 14, 2019, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003, we conclude that it was not error for Jetall's TCPA motion to dismiss to be denied by operation of law. *See Schmidt*, 584 S.W.3d at 646-47; *see also Johnson-Todd*, 480 S.W.3d at 609. Accordingly, because Jetall's remaining arguments in this issue are all premised on a finding that its TCPA motion to dismiss was timely filed, we overrule Jetall's sole issue on appeal.

## Conclusion

We affirm the ruling by operation of law that denied Jetall's TCPA motion to dismiss.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed December 1, 2021
Publish
[CV06]



Jetall Cos., Inc. v. JPG Waco Heritage LLC